# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff: Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Eric Stempien / Mallorie M. Blaylock
Stempien Law, PLLC
38701 Seven Mile Road, Suite 445, Livonia, MI 48152

Attorneys *(If Known)*
John M. McManus
McManus Law, PLLC
117 W. 4th Street, Suite 201, Royal Oak, MI 48067

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / [X] 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 862 Black Lung (923) | |
| | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | | 864 SSID Title XVI | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C., §§ 1441, 1446 (b)

Brief description of cause: Removal

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Mary Ellen Brennan
DOCKET NUMBER: 24-207935-NO

County in which action arose:

DATE
July 18, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ John M. McManus

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.  Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.  Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes : _____

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

USHA MALHOTRA,

    Plaintiff,

v.

TACO BELL CORP.

    Defendant.

DOCKET NO.

Oakland County Circuit Court
Case No. 2024-207935-NO

---

ERIC STEMPIEN (P58703)
MALLORIE M. BLAYLOCK (P84331)
STEMPIEN LAW, PLLC
Attorney for Plaintiffs
38701 Seven Mile Road, Suite 445
Livonia, MI 48152
(734) 744-7002

JOHN M. McMANUS (P44102)
**MCMANUS LAW, PLLC**
Attorney for Defendant, Taco Bell
117 W. 4th Street, Suite 201
Royal Oak, MI 48067
(248) 268-8989

---

## NOTICE OF REMOVAL

TO:    JUDGES OF THE UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

Defendant, Taco Bell Corp.[1] ("Taco Bell") with its principal place of business in Irvine, California, by and through its attorneys, McManus Law, PLLC, hereby provides notice to and petitions this Court pursuant to 28 U.S.C. §§ 1441, 1446 of its intent to remove this cause to the United States District Court for the Eastern District of Michigan, Southern Division, and in support thereof states:

    1.    That on June 11, 2024, an action was commenced against Taco Bell in the Circuit Court for County of Oakland, State of Michigan entitled:

---

[1] At all relevant times hereto, the Taco Bell restaurant where the alleged incident occurred was owned and operated exclusively by Taco Bell of America, LLC.

State of Michigan
In Circuit Court for County of Oakland

Usha Malhotra, Plaintiff,

-vs-

Taco Bell Corp.

Case No: 2024-207935-NO

2. That a copy of the Summons and Complaint in the Oakland County Circuit Court action, along with all other process, pleadings and orders issued in this action, are attached hereto and incorporated herein by reference. The Summons and Complaint were served on Taco Bell by mail on June 24, 2024.

3. That plaintiff is currently, and was at the time of the filing of the Complaint, a citizen of the State of Michigan for purposes of Federal Court diversity jurisdiction. The Complaint alleges that plaintiff is a resident of Michigan.

4. That this action concerns an alleged slip and fall incident occurring on February 10, 2023 at the Taco Bell restaurant located at 29925 Orchard Lake Road, Farmington Hills, Michigan (the "subject Taco Bell"). At all times relevant hereto, the subject Taco Bell was exclusively owned and operated by Taco Bell of America, LLC.

5. The named corporate Defendant, Taco Bell Corp. is a California corporation with a principal place of business in Irvine, California. The entity that exclusively owned and operated the subject Taco Bell at all relevant times hereto, Taco Bell of America, LLC ("TBA"), is a Delaware limited liability company with a principal place of business in Irvine, California. The sole member of TBA is Yum! Brands, Inc. Yum! Brands, Inc. is a North Carolina corporation with a principal place of business in Louisville, Kentucky. Accordingly, TBA is currently and was at the time of the filing of the Complaint a citizen of North Carolina and the

2

Commonwealth of Kentucky for purposes of Federal Court diversity jurisdiction. While not a proper party to this action, Taco Bell Corp. is a citizen of California for purposes of Federal Court diversity jurisdiction.

6. That plaintiff's Complaint alleges that as a result of the alleged incident, she sustained "serious personal injuries". In addition, Plaintiff is making a claim for punitive damages.

7. That in addition to the injuries alleged, plaintiff's counsel has refused and failed to sign a Stipulation for an Order Capping Damages at $75,000, which was requested by defense counsel.

8. That pursuant to 28 U.S.C. § 1446(b), Defendant has filed this Notice of Removal within 30 days of receipt of service of Plaintiff's Complaint.

9. That this Honorable Court has original jurisdiction in this cause based on diversity of citizenship between the Plaintiff and Defendant/Petitioner and an amount in controversy in excess of $75,000, and removal is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446(b).

WHEREFORE, Taco Bell prays that the above action now pending against it in the State of Michigan, Circuit Court for the County of Oakland, be removed to the United Stated District Court, Eastern District of Michigan, Southern Division.

                                              MCMANUS LAW, PLLC

                                              */s/ John M. McManus*
                                              By: John M. McManus P44102
                                              **MCMANUS LAW, PLLC**
                                              Attorney for Defendant
                                              117 W. 4th Street, Suite 201
                                              Royal Oak, MI 48067
                                              (248) 268-8989

Dated: July 18, 2024

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

USHA MALHOTRA,

    Plaintiff,                         DOCKET NO.

v.                                   Oakland County Circuit Court
                                    Case No. 2024-207935-NO

TACO BELL CORP.

    Defendant.
_____/

ERIC STEMPIEN (P58703)           JOHN M. McMANUS (P44102)
MALLORIE M. BLAYLOCK (P84331)    **MCMANUS LAW, PLLC**
STEMPIEN LAW, PLLC               Attorney for Defendant, Taco Bell
Attorney for Plaintiffs                  117 W. 4th Street, Suite 201
38701 Seven Mile Road, Suite 445     Royal Oak, MI 48067
Livonia, MI 48152                      (248) 268-8989
(734) 744-7002
_____/

## PROOF OF SERVICE

    John McManus, being duly sworn, deposes and states that on the 18th day of July 2024, he gave permission to Olivia Dean to file the Notice of Removal via electronic filing to all counsel of records and U.S. Mail to the following:

ERIC STEMPIEN
MALLORIE M. BLAYLOCK
STEMPIEN LAW, PLLC
38701 Seven Mile Road, Suite 445
Livonia, MI 48152

/s/ Olivia Dean

4



## Stempien Law PLLC
38701 Seven Mile Road, Suite 445
Livonia, MI 48152
Telephone/Facsimile
(734) 744-7002

*Attorneys*
Eric Stempien, Esq.
Lauren A. Gwinn, Esq.
Mallorie Blaylock, Esq.

*Legal Assistants*
Shawn L. Barrows
Mary Stempien
Ahmed Alawamleh
Brooke Stempien

### USPS FIRST CLASS MAIL CERTIFIED MAIL RETURN RECIPT: TRACKING ID: 9589 0710 5270 0994 3894 09

June 19, 2024

Taco Bell Corp.,
Resident Agent
The Corporation Company
40600 Ann Arbor Rd E Suite 201
Plymouth MI 48170

Re: Usha Malhotra v Taco Bell Corp.,
    Oakland County Circuit Court Case No. 24-207935-NO

Dear Sir/Madam:

Enclosed please find the following documents regarding the above-referenced matter:

- Summons as to Defendant; Taco Bell Corp.,
- Complaint
- Jury Demand

Please contact our office if you have any questions.

Very truly yours,
*Ahmed Alawamleh*

STEMPIEN LAW, PLLC

Ahmed Alawamleh

Enclosures

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | |
|---|---|
| USHA MALHOTRA, | Case No. 24-_____-NO |
| Plaintiff, | Hon. ____2024-207935-NO____ |
| | JUDGE MARY ELLEN BRENNAN |
| v | |
| TACO BELL CORP., | |
| Defendant. | |

| | |
|---|---|
| ERIC STEMPIEN (P58703)<br>MALLORIE M. BLAYLOCK (P84331)<br>STEMPIEN LAW, PLLC<br>Attorneys for Plaintiff<br>38701 Seven Mile Road, Suite 445<br>Livonia, MI 48152<br>P/F: 734-744-7002<br>eric@stempien.com<br>mallorie@stempien.com<br>john@stempien.com (asst.) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

*There is no other civil action between these parties arising out of the same transaction or occurrence.*

NOW COMES Plaintiff, USHA MALHOTRA, by and through her attorneys, STEMPIEN LAW, PLLC, and for her Complaint against the TACO BELL CORP., respectfully states the following:

1. Plaintiff USHA MALHOTRA is a resident of the City of Southfield, County of Oakland, Michigan.

2. Defendant, TACO BELL CORP., is a foreign for-profit corporation that conducts systematic and continuous business in Farmington Hills, Oakland County, Michigan;

1

FILED Received for Filing Oakland County Clerk 6/11/2024 4:17 PM

its resident agent for service of process being: The Corporation Company, 40600 Ann Arbor Road E., Suite 201, Plymouth, MI 48170.

3. The amount in controversy exceeds twenty-five thousand ($25,000.00) dollars, excluding interest, costs, and attorney fees.

## COMMON ALLEGATIONS

4. On or about February 10, 2023, Plaintiff was a patron at Defendant's restaurant located at 29925 Orchard Lake Road, Farmington Hills, MI 48334 when she was caused to slip and fall on a wet floor and, as a result, sustain serious personal injuries.

5. Despite the wet condition of the floor, Defendant had not placed a sign or other warning indicating the presence of, or otherwise warn Plaintiff of, the hazard.

6. Defendant was responsible for keeping its premises free from any hazardous or dangerous conditions that it knew or could have known of through reasonable inspection.

7. Defendant was responsible for warning patrons of any hazardous or dangerous conditions that it knew or could have known of through reasonable inspection.

8. Defendant was responsible for repairing any prior hazardous conditions in a reasonable manner.

## COUNT I – PREMISES LIABILITY

9. Plaintiff incorporates herein all prior allegations.

10. Defendant had a duty to use ordinary care to protect Plaintiff from conditions on its premises that presented unreasonable risks of harm.

11. Defendant knew, or should have known, that the wet floor existed and that it posed an unreasonable risk of harm.

12. The wet floor was not open and obvious to patrons of Defendant.

13. The wet floor was unavoidable by patrons of Defendant.

14. Defendant breached its duty to protect Plaintiff from unreasonable risks of harm on its premises and thus was negligent in numerous ways, including, but not limited to, the following:

    a. Failing to keep the premises in safe and habitable condition.

    b. Failing to keep the premises free from hazardous and dangerous conditions that they knew or should have known of through reasonable inspection.

    c. Failing to adequately warn others of the hazardous and dangerous conditions present.

    d. Failing to repair prior hazardous conditions in a reasonable manner.

15. As a direct and proximate result of Defendant's breach of its duty to use ordinary care to protect Plaintiff from unreasonable risks of harm on its premises, Plaintiff suffered serious personal injuries.

16. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered damages. Plaintiff respectfully demands the following judgments against Defendant:

    a. Compensatory and consequential damages for injuries resulting, among other things, from Defendant's numerous breaches of various duties owed to Plaintiff by Defendant in an amount to be determined at trial;

    b. Attorney fees and costs as provided by law;

    c. Punitive, exemplary and/or extraordinary damages; and

    d. Such other relief this Honorable Court may deem just and proper,

## COUNT II – ORDINARY NEGLIGENCE

17. Plaintiff incorporates herein all prior allegations.

18. Defendant owed Plaintiff a duty to use reasonable care in maintaining the premises, which included keeping the premises in safe and habitable condition and keeping the premises free from any hazardous or dangerous conditions that they knew or could have known of through reasonable inspection.

19. Defendant breached its duty to use reasonable care and thus was negligent in numerous ways, including by failing to keep the premises in safe and habitable condition; failing to keep the premises free from hazardous and dangerous conditions that it knew or should have known of through reasonable inspection; and failing to repair prior hazardous conditions in a reasonable manner.

20. As a direct and proximate result of Defendant's breach of its duty to use reasonable care in maintaining the premises, Plaintiff sustained serious personal injuries.

21. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered damages. Plaintiff respectfully demands the following judgments against Defendant:

    a. Compensatory and consequential damages for injuries resulting, among other things, from Defendant's numerous breaches of various duties owed to Plaintiff by Defendant in an amount to be determined at trial;
    b. Attorney fees and costs as provided by law;
    c. Punitive, exemplary and/or extraordinary damages; and
    d. Such other relief this Honorable Court may deem just and proper.

WHEREFORE, Plaintiff USHA MALHOTRA requests that a judgment be entered in her favor against Defendant in an amount in an amount the Court deems just and reasonable, plus costs, interest, and attorney fees.

                                              Respectfully Submitted,

                                              STEMPIEN LAW, PLLC

                                              */s/ Mallorie M. Blaylock*
                                              Mallorie M. Blaylock (P84331)
                                              Attorneys for Plaintiff

Dated: June 11, 2024

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

STATE OF MICHIGAN

CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| USHA MALHOTRA, | Case No. 24-_____-NO |
|---|---|
| Plaintiff, | Hon. 2024-207935-NO |
| | JUDGE MARY ELLEN BRENNAN |
| v | |
| TACO BELL CORP., | |
| Defendant. | |

| ERIC STEMPIEN (P58703)<br>MALLORIE M. BLAYLOCK (P84331)<br>STEMPIEN LAW, PLLC<br>Attorneys for Plaintiff<br>38701 Seven Mile Road, Suite 445<br>Livonia, MI 48152<br>P/F: 734-744-7002<br>eric@stempien.com<br>mallorie@stempien.com<br>john@stempien.com (asst.) | |
|---|---|

### JURY DEMAND

Plaintiff, USHA MALHOTRA, by and through her attorneys, STEMPIEN LAW, PLLC, hereby demands a trial by jury in the above-captioned matter.

Respectfully Submitted,

STEMPIEN LAW, PLLC

*/s/ Mallorie M. Blaylock*
Mallorie M. Blaylock (P94331)
Attorneys for Plaintiff

Dated: June 11, 2024

1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>Oakland    JUDICIAL CIRCUIT<br>COUNTY | **SUMMONS** | | **CASE NO.**<br>2024-207935-NO<br>JUDGE MARY ELLEN BRENNAN |
| Court address<br>1200 N. Telegraph Road, Pontiac, MI 48341 | | | Court telephone no.<br>248-858-0344 |

| Plaintiff's name, address, and telephone no.<br>USHA MALHOTRA | v | Defendant's name, address, and telephone no.<br>TACO BELL CORP.<br>The Corporation Company<br>40600 Ann Arbor Road E., Suite 201<br>Plymouth, MI 48170 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>ERIC STEMPIEN (P58703)<br>MALLORIE M. BLAYLOCK (P84331)<br>STEMPIEN LAW, PLLC<br>38701 Seven Mile Rd., Suite 445, Livonia, MI 48152<br>(734)744-7002 | | This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling. |

FILED Received for Filing Oakland County Clerk 6/11/2024 4:17 PM

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, _____ Court, where it was given case number _____ and assigned to Judge _____
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>6/12/2024 | Expiration date*<br>09/11/2024 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23) **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

Summons (3/23)                                                                               Case No. _____

## PROOF OF SERVICE

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served     ☐ personally     ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)  a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
|  |  |
| Place or address of service | |
|  | |
| Attachments (if any) | |
|  | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                                                     Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

FILED   Received for Filing   Oakland County Clerk   7/1/2024 10:49 AM

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

USHA MALHOTRA,

    Plaintiff,

v.

TACO BELL CORP.,

Defendant.

CASE NO.: 24-207935-NO
HONORABLE MARY ELLEN BRENNAN

_____/

| | |
|---|---|
| ERIC STEMPIEN (P58703) | JOHN M. McMANUS (P44102) |
| MALLORIE M. BLAYLOCK (P84331) | MCMANUS LAW, PLLC |
| STEMPIEN LAW, PLLC | Attorney for Defendant, Taco Bell |
| Attorneys for Plaintiff | of America, LLC, only |
| 38701 Seven Mile Road, Suite 445 | 117 W. 4th Street, Suite 201 |
| Livonia, MI 48152 | Royal Oak, MI 48067 |
| (734) 744-7002 | (248) 268-8989 |

_____/

## APPEARANCE

NOW COMES John M. McManus, Esq. of MCMANUS LAW, PLLC, and hereby files his Appearance as attorney for Defendant, Taco Bell Corp., improperly sued in place of the proper corporate entity Taco Bell of America, LLC., in the above captioned matter.

Respectfully Submitted,

_/s/ John M. McManus_____
John M. McManus (P44102)
**MCMANUS LAW, PLLC**
117 W. Fourth St., Ste. 201
Royal Oak, MI 48067
T: (248) 268-8989
F: (248) 284-2131
john@themcmanusfirm.com
*Attorney for Taco Bell of America LLC.*

Dated: July 1, 2024